UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

BROOKS TERRELL,           )
                          )
        Plaintiff         )
                          )
    vs.                   )   Case No. 1:09-cv-01613-SLB-HGD
                          )
CONSTANCE REESE, et al.,  )
                          )
        Defendants        )

**MEMORANDUM OF OPINION**

The magistrate judge filed a report on September 4, 2012, recommending that the defendants' special report be treated as a motion for summary judgment and, as such, that it be granted with respect to the exhaustion of remedies defense and that this action be dismissed without prejudice in order to allow the plaintiff to exhaust the administrative remedies available to him as a federal prisoner. (Doc. 70). The plaintiff filed objections to the report and recommendation on September 17, 2012. (Doc. 71). In his objections, the plaintiff contends that prison officials at FCI Talladega failed to maintain the "established" BP-8 informal resolution forms, but used a substitute form instead, which somehow "hampered" his exhaustion efforts. The plaintiff's contentions are frivolous. The record reflects that the plaintiff

attempted to pursue two separate direct appeals to the Regional Administrative Remedy Coordinator, not because of any deficiency in forms themselves, but because he maintained that the issues being appealed were "sensitive" matters and therefore excepted from the requirement that he pursue an initial remedy at his place of incarceration. (Doc. 59-20 and 59-21).[1] Furthermore, other than to vaguely allege that the "inadequate" informal resolution forms somehow resulted in a situation where his grievances were "never returned," the plaintiff has failed to present a rational argument as to how a technical difference in the form prevented him from pursuing his administrative remedies or made those remedies unavailable, especially in light of the fact that the BOP afforded him that option following the unsuccessful Regional filings.

    The plaintiff also appears to argue that any attempts to pursue administrative remedies after the Regional Office rejections would have been futile because the initial time limits would have expired at that point. (Doc. 71, pp. 5-6). This contention is wholly without merit. Where an initial appeal to the Region is rejected

---

[1] In Administrative Remedy #561331, filed with the Region, the plaintiff refers to "BP-8" and "BP-9" forms he alleges were filed with FCI Talladega officials, and makes no mention of any deficiency in the forms. (Doc. 59-21, p. 3). This is in direct contradiction to the argument asserted in the objections here. Additionally, the affidavit attached by the plaintiff in support of his objections states that he attempted to obtain BP-8 forms from his counselor on May 11, 2009; a day which pre-dates the events made the basis of the claims in the complaint. In any event, unlike the administrative appeal process, the regulations establishing the informal resolution process do not call for a specific or formal form for pursuing resolution at that level. 28 C.F.R. § 542.13.

as not being sensitive, the regulations allow for the inmate to pursue the matter by submitting an administrative remedy request to the Warden, who is required to "allow a reasonable extension of time for such resubmission." 28 C.F.R. § 542.14(d)(1). With respect to the claims asserted in the complaint here, the defendants have presented proof that the plaintiff never attempted to re-file his administrative remedies at the institutional level after they were initially rejected by the Regional Office, despite being advised of that option in both instances. The plaintiff has submitted nothing that refutes this proof, and there is nothing before the court which presents a plausible argument that the plaintiff was prevented from pursuing his grievances via the established BOP administrative appeal process after his direct Regional appeals were rejected.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the court is of the opinion that the magistrate judge's report is due to be and hereby is **ADOPTED** and his recommendation is **ACCEPTED**. The court EXPRESSLY FINDS that there are no genuine issues of material fact with respect to the exhaustion of remedies defense and that this matter is due to be dismissed without prejudice in order to allow the plaintiff to exhaust the

administrative remedies available to him as a federal prisoner. A Final Judgment will be entered.

**DONE** this 21st day of September, 2012.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE